IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| BETTY L GUNTER, et al., | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | Civil Action No.: 07-00403-KD-M |
| CHASE BANK U.S.A., N.A., | ) ) ) | |
| Defendant. | ) | |

## **ORDER**

This matter is before the Court on the following: plaintiffs' motion to amend the complaint (doc. 81); defendant's opposition thereto (doc. 92) and plaintiffs' response (doc. 95).

I.   Background

Plaintiffs brought this action against defendant, Chase Bank, alleging a claim for violations of Section 8(b) of RESPA, 12 U.S.C. § 2607(b) and a claim for breach of contract. Plaintiffs allege, in sum, that notwithstanding their payment of the discount points, they did not receive an interest rate reduction on their loans. Specifically, plaintiffs allege that Chase disguised unearned fees by calling them a "Loan Discount" fee on the HUD-1s, that no service was performed or provided to plaintiffs in return for the payment of the Loan Discount fees, and that plaintiffs did not receive a lower interest rate in return for paying a "Loan Discount" fee.

Plaintiffs now seeks to amend the complaint to "delete claims which are no longer part of the issues between the parties, and to add a claim, the basis for which has become apparent in

discovery, and to otherwise clarify the claims already stated."[1]  Specifically, plaintiffs seek to add a claim of suppression.[2]  Chase objects to the proposed amendment on several grounds, including that the amendment is futile and that the state law suppression claim is preempted by the National Bank Act.  The motion has been fully briefed and is ripe for the Court's consideration.

II.     FRCP 15(a)

Under Federal Rule of Civil Procedure 15(a), a court should give leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, a court need not "allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001); Corsello v. Lincare, Inc. 428 F.3d 1008 (11th Cir. 2005); Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1284 (11th Cir. 2000)(The court may deny a motion to amend on numerous grounds, including futility of the amendment.)

Defendant raises the issue of futility in its objection to the motion to amend.  An amendment is futile where it fails to state a claim for relief.  Daewoo Motor Am., Inc. v. General Motors Corp., 459 F.3d 1249, 1260-61 (11th Cir. 2006), cert. denied, 127 S.Ct. 2032 (2007); See Fetterhoff v. Liberty Life Assur. Co., 2008 WL 2435575 (11th Cir., June 17, 2008) (amended

---

[1] Pursuant to the Amended Rule 16(b) Scheduling Order the deadline for amending pleadings was June 20, 2008.  (Doc. 52) Plaintiffs filed the instant motion on June 19, 2008.

[2] The suppression claim is an individual claim on behalf of named plaintiffs, the Redds and Ms. Gunter.

claims including state-law claim of wrongful termination, bad faith, breach of contract, or breach of fiduciary duty were completely preempted by ERISA and thus the amendment was futile); Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004) (Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.); St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 822-23 (11th Cir. 1999) ("When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail.")

> "The futility threshold is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied." Bill Salter Advertising, Inc. v. City of Brewton, AL., 2007 WL 2409819, 2 (S.D.Ala.2007) (slip opinion) citing Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir.1999) (denial of leave to amend justified by futility when "complaint as amended is still subject to dismissal"); Florida Power & Light Co. v. Allis Chalmers Corp., 85 F.3d 1514, 1520 (11th Cir.1996) (amendment is futile if cause of action asserted therein could not withstand motion to dismiss); Amick v. BM & KM, Inc., 275 F.Supp.2d 1378, 1381 (N.D.Ga.2003) ("In the Eleventh Circuit, a proposed amendment is futile when the allegations of the proffered complaint would be unable to withstand a motion to dismiss.").

Drury v. Countrywide Home Loans, Inc., 2008 WL 2131977 (M.D.Fla., May 21, 2008). With this legal framework in mind, the Court now turns to the merits of plaintiffs' motion to amend.

III.  Discussion

Chase objects to the proposed amendment on the grounds, in sum, that the suppression claim is futile because Plaintiffs have not alleged a "fiduciary" or "special confidential" relationship with Chase; that the suppression allegations do not meet the heightened pleading

3

requirements of Fed. R. Civ. P. 9(b)[3], and that the suppression claim is preempted by the National Bank Act.[4]

*Futility of the Amendment*

Chase first contends that the allegations do not state a claim for suppression because Chase had no duty under Alabama law to disclose anything to Plaintiffs. Plaintiffs respond that there is no requirement that a fiduciary or special confidential relationship be alleged.

Under Alabama law, the elements of fraud based on the suppression of material facts are: (1) a duty on the part of the defendant to disclose facts; (2) concealment or non-disclosure of material facts by the defendant; (3) defendant's knowledge of the facts and their materiality; (4) action by the plaintiff in reliance on the suppression; and (5) damages resulting from the reliance action. Wolff v. Allstate Life Ins. Co., 985 F.2d 1524 (11th Cir.1993) (citing Hardy v. Blue Cross and Blue Shield of Ala., 585 So.2d 29, 32 (Ala.1991)).

The duty to disclose facts may arise by virtue of the relationship between the parties or the circumstances surrounding the alleged fraud. Ala. Code § 6-5-102; Ex parte Liberty Nat. Life Ins. Co., 797 So.2d 457, 465 (Ala. 2001). Alabama Code Section 6-5-102 states:

---

[3] Fed. R. Civ. P. 9(b) states:

(b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

[4] Business activities of national banks are controlled by the National Bank Act , 12 U.S.C. § 1 et seq., and the regulations promulgated thereunder by the Office of the Comptroller of the Currency (OCC). The NBA authorizes federally chartered banks to engage in real estate lending. 12 U.S.C. § 371.

> Suppression of a material fact which the party is under an obligation to communicate constitutes fraud. *The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case.*

Ala. Code § 6-5-102. (emphasis added)

The amended complaint alleges, in sum:

47. As to both Plaintiff Gunter and Plaintiffs Donald C. Redd, Sr. and Bernadette E. Redd, Defendant owed Plaintiffs a duty to fully, fairly and truthfully disclose the terms of the respective loan transactions entered into, the true charges being made or imposed, the basis for such charges, and the nature and extent of the Plaintiffs' obligations in comprehensible language.

48. Defendant knew that it was including or imposing charges to which it was required that Plaintiffs give informed consent; Defendant knew that it was concealing from Plaintiffs the nature, basis and amount of charges by falsely labeling the charges, by imposing fees and charges not knowingly assented to by Plaintiffs, and which were either unearned or were misrepresented. Defendant wrongfully suppressed the true facts, which proximately resulted in damages to Plaintiffs.

49. The information suppressed from each Plaintiff which included, but was not limited to, that a charge was imposed to reduce or eliminate the prepayment penalty period was material and was relied on by each Plaintiff to his or her detriment.

50. As a proximate result of Defendant's suppression, Plaintiffs were injured in that they were charged for services that they were unaware a charge was associated with and otherwise were not informed of the true cost of the terms of the loan as presented to them by Defendant.

51. The conduct of Defendant was intentional and was carried out with the intent to deceive and defraud Plaintiffs.

Based on the pleadings the Court cannot say that the amendment is futile. Accordingly, defendant's objection to the motion on the grounds that the amendment is futile is overruled.

*Heightened Pleading Requirement FRCP 9(b)*

5

Chase also argues that the proposed amended complaint fails to meet the heightened pleading standard of Rule 9(b).[5]  Rule 9 of the Federal Rules of Civil Procedure imposes a heightened pleading standard on plaintiffs alleging fraud and requires that  "the circumstances constituting fraud or mistake [ ] be stated with particularity."  Fed. R. Civ. P. 9(b).  The Eleventh Circuit has construed this rule to require plaintiff to "alert the defendant to the precise misconduct with which he is charged." Bodie v. Purdue Pharma Co., 236 Fed.Appx. 511, 524 (11th Cir. 2007) (citing  Clausen v. Lab. Corp. of America, Inc., 290 F.3d 1301, 1310 (11th Cir.2002).  Thus, "the plaintiff alleging fraud or misrepresentation must set forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Id.

The Amended Complaint alleges that Plaintiffs were charged a "loan discount" fee which was falsely depicted on the HUD-1, in that it was not for a "loan discount." Plaintiffs further allege that Chase had a duty to disclose the terms of the loan and the charges imposed, and that Chase falsely labeled the charges, imposing fees Plaintiffs had not knowingly consented to and which were unearned or misrepresented.  Plaintiffs also allege that Chase suppressed that a

---

[5] Fed. R. Civ. P. 9 provides, in pertinent part:

(b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

charge was required and imbedded within the Loan Discount charge to reduce Plaintiffs' prepayment penalty. The court finds these allegations sufficient to "alert" Chase of the "precise misconduct with which [it] is charged." Bodie, 236 Fed.Appx. at 524. Accordingly, Defendant's objection to the amendment on this ground is overruled.

*Preemption - National Bank Act*[6]

Finally, Chase contends that the National Bank Act preempts plaintiffs' suppression claim. Chase cites the court to 12 C.F.R. § 34.4[7] which states, in part: "[e]xcept where made applicable by Federal law, state laws that obstruct, impair, or condition a national bank's ability to fully exercise its Federally authorized real estate lending powers do not apply to national banks. " Chase argues that "permitting Plaintiffs to proceed with their state law suppression claim would more than incidentally affect Chase's business."

In response, plaintiffs rely on a separate provision of the same regulation which provides:

(b) State laws on the following subjects are not inconsistent with the real estate lending powers of national banks and apply to national banks to the extent that they only incidentally affect the exercise of national banks' real estate lending powers:

(1) Contracts;

(2) Torts; . . . .

12 C.F.R. § 34.4 (b). Plaintiffs further maintain that this same preemption argument was advanced by Chase and rejected by the court in Jefferson v. Chase Home Finance, 2008 WL

---

[6] Count III of plaintiffs' initial complaint was brought pursuant to Ala. Code §§ 5-19-4 (state usury statute) for excess points. In response to defendant's motion to dismiss, plaintiffs conceded that the state usury claim was preempted by the National Bank Act. (See Docs. 5, 14)

[7] 12 C.F.R. 34.4 is entitled "Applicability of state law."

1883484 at * 7-10 (N. D. Cal., April 29, 2008). In that case Chase allegedly made misrepresentations about how it would apply prepayments, in violation of the California Consumer Legal Remedies Act and the False Advertising Act. The district court held that "such laws of general application, which merely require all businesses (including banks) to refrain from misrepresentations and abide by contracts and representations to customers do not impair a bank's ability to exercise its lending powers" only "incidentally affect" the banks powers and therefore were not preempted. Id. at *10.

In White v. Wachovia Bank, N.A., 2008 WL 2635640 (N.D. Ga, July 2, 2008) the court concluded that plaintiffs' state law claims were not preempted under the National Bank Act reasoning, in part, as follows:

> The court is not now persuaded that 12 C.F.R. § 7.4007[8] requires preemption of Plaintiffs' state law claims. Indeed, 12 C.F.R. § 7.4007(c) expressly provides that state laws on the subjects of contracts and torts are "not inconsistent with the deposit-taking powers of national banks and apply to national banks to the extent that they only incidentally affect the exercise of national banks' deposit-taking powers." Few courts have interpreted the preemption provisions of 12 C.F.R. § 7.4007. Of those that have, some have declined to dismiss state contract, tort, and deceptive trade practices claims similar to those at issue here. Great W. Res., LLC v. Bank of Ark., Nat'l Ass'n, No. 05-5152, 2006 WL 626375, at *3-4 (W.D.Ark. Mar.13, 2006) (declining to dismiss breach of contract, Arkansas Deceptive Trade Practices Act, conversion, and breach of implied covenant of good faith claims on grounds of preemption); Hood v. Santa Barbara Bank & Trust, 143 Cal.App.4th 526, 543, 49 Cal.Rptr.3d 369 (2006) ("Based on the record before us, it does not appear that the state's contract, tort or debt collection laws have more than an incidental effect on the exercise of national banks' deposit-taking ... powers or are otherwise inconsistent with the banks' deposit-taking ... powers."). Plaintiffs' claims that Wachovia charged overdraft fees when there was actually money in the account sufficient to pay their drafts, sound in tort and contract. Based upon the record now before it, the court finds that Plaintiffs' exercise of their rights

---

[8] 12 C.F.R. 7.4007 addresses the authority of national banks to receive deposits and conduct activity relating thereto.

8

under Georgia contract and tort law does not more than incidentally affect Wachovia's deposit-taking powers. As such, to the extent Plaintiffs' claims relate to Wachovia's deposit-taking powers, they fall within 12 C.F.R. § 7.4007(c) as opposed to 12 C.F.R. § 7.4007(b), and are not preempted.

Id. at *5.

Based on the foregoing, the undersigned finds that plaintiffs' suppression claim is not preempted under the National Bank Act. See Jones v. Bankboston, N.A., 115 F.Supp.2d 1350, 1361 (S.D.Ala.,2000) (holding that the National Bank Act does not completely preempt state law claims for excessive interest so as to support federal question removal jurisdiction); Monday v. Coast to Coast Wireless Cable, 1997 WL 114874 (M. D. Ala.1997) (Plaintiff's claims against a national bank for failing to disclose interest charges was not within the scope of the NBA, so the were not completely preempted by the NBA).  See also Watkins v. Wells Fargo Mortg., 2008 WL 2490306 *4 (S.D. Va, June 19, 2008) ("Preemption does not apply to the fraudulent inducement claim.")

IV.     Conclusion

Based on the foregoing, plaintiffs' motion to amend the complaint is **GRANTED.**

DONE this the 6th day of August 2008

                                   /s/ Kristi K. DuBose
                                   **KRISTI K. DuBOSE**
                                   **UNITED STATES DISTRICT COURT**